**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Alan Wayne REESE, Defendant-Appellant.**

**No. 82–1623.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 9, 1982.

Decided Jan. 21, 1983.

Jeffrey L. Edison (argued), Edison & Lumumba, Detroit, Mich., for defendant-appellant.

Leonard R. Gilman, U.S. Atty., Maura Corrigan, Asst. U.S. Atty. (argued), Detroit, Mich., for plaintiff-appellee.

Before LIVELY and KRUPANSKY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

This is an appeal by the defendant Reese from an order of the district court granting the government's motion to disqualify Reese's retained counsel. We reverse the order of the district court and remand for further proceedings.

Alan Wayne Reese was jointly indicted with Larry Holyfield and Joseph T. Holyfield for armed bank robbery. The magistrate to whom the case was assigned appointed the federal defender office to represent Reese after he filed an affidavit of indigency. At the time of Reese's arraignment an attorney, Jeffrey L. Edison, appeared with him as retained counsel. The government then filed a motion to disqualify attorney Edison for a conflict of interest. In its motion the government stated its belief that Edison had been retained by Reese's co-defendants or by someone acting on behalf of the Holyfields. Reese's representation by an attorney retained by or on behalf of the co-defendants would present a danger that Reese would not receive representation free of a conflict of interest, according to the government's motion.

Reese filed a response to the motion denying that there was any conflict of interest. In support of his response Reese filed his own affidavit and that of attorney Edison. In his affidavit Reese stated that Edison had not been retained by his co-defendants or by anyone acting in concert with them, that he was satisfied with Mr. Edison's representation and that no actual or potential conflict existed by reason of that representation. In his affidavit attorney Edison stated that he was not retained by

Reese's co-defendants or by persons acting in concert with them, that there was no actual or potential conflict of interest in his representation of Reese and that the representation was and would continue to be consistent with the code of professional responsibility.

The district judge to whom the matter was assigned heard statements by the assistant United States attorney and attorney Edison supporting and opposing the motion. Reese was then sworn as a witness and questioned briefly by the judge. Reese responded that he had retained Mr. Edison as his attorney and that the money to pay him came from family and friends. When asked to name these people Reese replied that he could not name all of them. The judge then adjourned the hearing and granted the motion with the following explanation:

> THE COURT: All right. The motion to disqualify the retained counsel is granted, and counsel is declared disqualified.
>
> Neither the affidavit or the testimony of the defendant under oath answers the basic assertion the government has made that defense counsel has been retained by other than the defendant himself and indeed by his co-defendants and persons with conflict of interest with him in this lawsuit.
>
> Defense counsel has filed an affidavit, and gone to great trouble to respond but has never answered the question as to who is paying to represent Mr. Reese.
>
> Accordingly, the motion is granted and Mr. Jackson [the federal defender] will be retained to represent Mr. Reese.

■ An order granting the government's pretrial motion to disqualify defense counsel in a criminal case is immediately appealable pursuant to 28 U.S.C. § 1291. *United States v. Phillips,* 699 F.2d 798 (6th Cir.1982). When presented such a motion the district court must make a careful inquiry, balancing the constitutional right of the defendant to representation by counsel of his choosing with the court's interest in the integrity of its proceedings and the public's interest in the proper administration of justice. This inquiry will ordinarily require a hearing at which both parties will be permitted to produce witnesses for examination and cross-examination.

■ Furthermore, even if an actual conflict of interests or a strong likelihood of conflict is demonstrated the defendant must be given an opportunity to waive his constitutional right to conflict-free representation. A voluntary waiver of this constitutional right, knowingly and intelligently made, must be honored by the court in the absence of compelling circumstances.

■ It is clear that the disqualification order in the present case cannot stand. The inquiry by the district court was insufficient to determine the existence of actual or potential conflict. The unsworn statement of belief by the government that attorney Edison had been retained by Reese's co-defendants was denied in sworn affidavits by both Reese and Edison. The brief hearing at which Reese was questioned only by the district judge was not the sensitive inquiry required in this situation. If the government renews its motion upon remand, in order to prevail it must present evidence in support of its allegation and the defendant must be given a full opportunity to answer and rebut such evidence. A defendant in a criminal case may not be denied his constitutional right to counsel of his choice on the basis of a totally unsupported "belief" by the government that counsel has a conflict of interest. Further, the defendant must be given an opportunity to waive his right to conflict-free legal representation if such conflict is shown to exist or to be likely to develop.

The judgment of the district court is reversed and the case is remanded for further proceedings.