UNITED STATES of America,
Plaintiff–Appellee,

v.

Montez DAY, Defendant–Appellant.

No. 90–6260.

United States Court of Appeals,
Sixth Circuit.

Argued March 26, 1991.

Decided Feb. 4, 1992.

Ed Bryant, U.S. Atty., Timothy R. DiScenza, Asst. U.S. Atty. (argued and briefed), Christopher E. Cotten, Memphis, Tenn., Sean Connelly, U.S. Dept. of Justice, Criminal Div., Washington, D.C., for plaintiff-appellee.

* The Honorable John Feikens, Senior United States District Judge for the Eastern District of

Clifton Harviel, Federal Public Defender (argued and briefed), Memphis, Tenn., for defendant-appellant.

Before KENNEDY and RYAN, Circuit Judges, and FEIKENS, Senior District Judge.*

RYAN, Circuit Judge.

We have granted rehearing in this case to consider the government's claim that on the original appeal we concluded erroneously that the district court erred to the substantial prejudice of the defendant in "sharply chastising Day's counsel" at a sidebar conference conducted in the jury's presence. Specifically, we said:

> Day further argues that the court's "scathing" criticism of his counsel unfairly prejudiced him in front of the jury. Because Day did not move for a new trial, the record does not establish whether the jury actually heard the court's comments and thus whether the court's comments prejudiced Day before the jury. Sidebar conferences with attorneys conducted on the record and out of the jury's presence are an appropriate component of district court litigation. When, however, such conferences occur in the jury's presence, this court will assume that the conference is within the jury's hearing unless the record shows otherwise.

In its Brief on Rehearing, the government insists that "it is hard to see the logic" of our assumption that a "sidebar procedure is an empty formality that does not work as intended." The short answer to the government's difficulty in seeing the logic of our holding might be summarized in Justice Oliver Wendell Holmes' statement that: "The life of the law has not been logic: it has been experience." Oliver W. Holmes, *The Common Law* 1 (1881). The experience of some of the panelists at least, while sitting as trial judges, is that so-called "sidebar conferences" may indeed be within the hearing of the jurors. It is noteworthy in this case that counsel for the

Michigan, sitting by designation.

defendant asserted on the initial appeal that the district court's remarks were within the hearing of the jury and nowhere does the government assert they were not.

However, for a very specific reason—one not brought to the court's attention either by the government or by the defendant—we withdraw our holding that we assume, in this case, that the court's criticism of counsel was overheard by the jury and thus contributed to the error that necessitates a reversal and new trial. We do so, not for any reason suggested by the government, but because, upon rehearing, the presiding judge of the panel has discovered a reporter's note at page 345 of the Transcript in this case which reads as follows: "(The following proceedings were had at the bench by Court and counsel out of the hearing of the jury.)"

That fact was not brought to the court's attention by the government or by the defendant either upon the original hearing or upon rehearing.

In all events, in view of the reporter's note there is no occasion to assume, in this case, that the court's remarks "were within the jury's hearing" because "the record shows otherwise."

Upon a reassessment of the record and reconsideration of the arguments submitted upon the original hearing and upon rehearing, we conclude, for the reasons stated in our original opinion, 942 F.2d 354, independent of the district court's statement chastising counsel, that Day's conviction must be VACATED and his case REMANDED for a new trial.

KENNEDY, Circuit Judge, concurring.

I agree with the majority of the panel that we should grant rehearing in this case since the record affirmatively shows that the judge's comments were not within the jury's hearing. I write separately because I believe we erred in our earlier holding, since withdrawn, that we would presume the jury overheard a sidebar conference in the absence of evidence to the contrary.

The purpose of a sidebar conference is for counsel and the judge to confer without the jury being privy to what is said. When the jury does hear, it is because the procedure has failed in its purpose and the jury has heard what the court intended it should not. To presume that is what occurred is to presume the district court failed to conduct the sidebar conference as it should be conducted. We do not ordinarily presume error.

I believe our earlier decision in *United States v. Smith*, 928 F.2d 740 (6th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 159, 116 L.Ed.2d 124 (1991), rejected the proposition advanced by the majority of the panel. In *Smith*, the trial judge first criticized the defendant's counsel for his argument in the presence of the jury, and then further criticized him at a sidebar conference. We said:

> Further it is evident that, to the extent the trial judge's comments were otherwise objectionable, they were made in the main at the sidebar and therefore out of hearing of the jury. By the court reporter's characterization of the event, we have no reason to believe that the statements which occurred at the sidebar were actually heard by the jury and therefore its verdict could only have been improperly influenced, if at all, by the relatively brief colloquy which occurred in its presence.... [T]he comments of the trial judge actually made in the presence of the jury did not rise to that element of reversible error, especially since the record seems to have been singularly free of similar incidents elsewhere in the course of trial.
>
> What defense counsel would have us believe, however, is that the statements made by the trial judge at the sidebar conference were not only improper but were also, to his client's prejudice, heard by the jury. In that presumption we may not indulge.

*Id.* at 742–43.

Two other circuits have required the complaining party to establish that disparaging remarks by the trial judge were heard by the jury. *See United States v. Block*, 755 F.2d 770 (11th Cir.1985); *Harris v. United States*, 367 F.2d 633, 636 (1st

Cir.1966), *cert. denied*, 386 U.S. 915, 87 S.Ct. 862, 17 L.Ed.2d 787 (1967).

The majority acknowledges the usefulness of sidebar conferences. Judges have been using them for years with very few complaints. When there is a problem, the aggrieved party has a remedy—it can raise the issue by a contemporaneous objection and move for a voir dire inquiry, a mistrial or a new trial. The presumption adopted by the majority is contrary to the manner in which error is ordinarily established and addressed.

Yet, if you presume error, although there has been neither a contemporaneous objection nor a motion for mistrial, the party who does not claim the remarks were overheard is required to ask for a voir dire inquiry to establish that the sidebar conference was not heard by the jury. That party may not even know that the opposing party claims the comments were overheard until the issue is raised on appeal. The only certain way to avoid the problem will be to excuse the jury in every instance in which a sidebar conference is needed. Requiring that the jury be removed every time a judge makes a sidebar ruling that the jury should not hear seems to me unwarranted. The jury will be more prejudiced by being excused and speculating what happened in its absence than observing a quiet remark to counsel at the sidebar. We should leave to the trial court's discretion whether to excuse the jury or conduct a conference at sidebar and should require a party claiming error to establish that error.