UNITED STATES of America, Plaintiff–Appellee,

v.

Patsy MAYS (94–6473) and Samuel W. Mays (94–6480), Defendants–Appellants.

Nos. 94–6473, 94–6480.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 12, 1995.

Decided Nov. 14, 1995.

William F. Campbell, Asst. U.S. Attorney (briefed), Louisville, KY, Kenneth L. Jost (briefed), James E. Arnold (argued and briefed), U.S. Department of Justice, Office of Consumer Litigation, Washington, DC, for U.S.

Mark Wettle (argued and briefed), Louisville, KY, for Patsy Mays.

Before: KENNEDY and MOORE, Circuit Judges; POTTER,* District Judge.

KENNEDY, Circuit Judge.

Defendants Patsy and Samuel W. Mays were charged with one count of conspiracy to defraud the United States,[1] twelve counts of mail fraud,[2] eight counts of interstate shipment of adulterated food,[3] eight counts of interstate shipment of misbranded food,[4] two counts of adulteration of a food,[5] and two counts of misbranding of a food.[6] A jury returned guilty verdicts for both defendants for conspiracy under 18 U.S.C. § 371, and twenty violations of the Federal Food, Drug, and Cosmetic Act. 21 U.S.C. §§ 301 *et seq.* Patsy Mays was also convicted of five counts of mail fraud under 18 U.S.C. §§ 1341 & 1342.

Defendants appeal (1) the failure to instruct on lesser included misdemeanor viola-

---

* The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sitting by designation.

1. In violation of 18 U.S.C. § 371.

2. In violation of the Mail Fraud Statute, 18 U.S.C. § 1341.

3. In violation of 21 U.S.C. § 331(a).

4. *Id.*

5. In violation of 21 U.S.C. § 331(k).

6. *Id.*

tions under 21 U.S.C. § 333, (2) the District Court's failure to grant motions for severance, (3) alleged improper comments by the court within the jury's hearing, and (4) the admission of prejudicial hearsay testimony. Defendant Samuel Mays, in addition, argues that the disqualification of his counsel and the delay of nearly five months before new counsel was appointed constituted reversible error. Finally, defendants Patsy and Samuel Mays argue that the District Court's failure to grant a mistrial on the basis of prejudice caused by cumulative error is grounds for reversal of their convictions. For the following reasons, we **AFFIRM** both convictions.

## I.

Defendant, Patsy Mays, was secretary/treasurer and co-owner with her husband of Sun Up Foods Inc., ("Sun Up") a blender and wholesaler of juice concentrate, 98% of which was orange juice concentrate.[7] Co-defendant Samuel Mays, Patsy Mays' brother-in-law, was operations manager at the plant and was in charge of day-to-day operation.

The government presented persuasive evidence that between 1985 and 1991 Sun Up sold products labeled as 100% pure orange juice concentrate which were in fact adulterated with sugar. Defendants tried to hide the adulteration by designing production facilities with secret rooms and hidden pipes, by accepting sugar deliveries under cover of night, by falsifying documents, and by tracking current scientific tests for juice adulteration so as to exploit the weaknesses of those tests.

## II.

### A. Failure to instruct on lesser included misdemeanor violations under 21 U.S.C. § 333

Defendants Samuel and Patsy Mays appeal the District Court's refusal to give jury instructions on the lesser included misdemeanor violations of the Federal Food, Drug, and Cosmetics Act. 21 U.S.C. §§ 301 *et seq.* A felony conviction under the Act requires

proof of intent to defraud or mislead; a misdemeanor violation only requires causation. 21 U.S.C. § 333(a).

Four requirements must be met for a court to be obligated to include instructions regarding lesser included offenses in its jury instructions:

(1) a proper request;

(2) the elements of the lesser offense be identical to part of the elements of the greater offense;

(3) evidence that would support conviction of the lesser offense;

(4) the proof on the element or elements differentiating the two crimes is sufficiently disputed so that the jury could consistently acquit on the greater offense and convict on the lesser.

*United States v. Moore*, 917 F.2d 215, 228 (6th Cir.1990), *cert. denied*, 499 U.S. 963, 111 S.Ct. 1590, 113 L.Ed.2d 654 (1991).

We agree with the government that the District Court's refusal to give instructions for the lesser included offense was consistent with this test. The evidence was insufficient to support conviction of the lesser offense. The evidence of intent with regard to defendants was overwhelming. Samuel Mays designed a secret sugar room for the delivery of sugar into the juice concentrate; he was in charge of the plant's day-to-day operation and personally directed employees on how much sugar to add to concentrate that was marketed as 100% orange juice concentrate. Patsy Mays created a false paper trail to conceal Sun Up's purchases of sugar; she directed Sun Up employees to do likewise; she lied to outside auditors about Sun Up's sugar purchases. The District Court did not err in refusing to instruct on the lesser included offense with regard to either defendant Samuel Mays or Patsy Mays.

### B. Failure to grant motions for severance

The District Court's denial of defendants Samuel and Patsy Mays' motions

---

7. Patsy Mays' husband, James V. Mays, was a co-defendant in this case. Due to an illness of his attorney, James V. Mays sought and was granted a rescheduling of oral argument.

for severance are reviewed on an abuse of discretion standard. *United States v. Critton,* 43 F.3d 1089, 1098 (6th Cir.), *cert. denied,* ── U.S. ──, 115 S.Ct. 1987, 131 L.Ed.2d 873 (1995). Defendants must show " 'substantial,' 'undue,' or 'compelling prejudice' to obtain severance." *United States v. DeFranco,* 30 F.3d 664, 669–70 (6th Cir.), *cert. denied,* ── U.S. ──, 115 S.Ct. 349, 130 L.Ed.2d 305 (1994).

■ In this case, defendants Samuel and Patsy Mays argue that a motion to sever should have been granted due to two items of prejudicial evidence. First, a witness testified to conversations with co-defendant James V. Mays probative of the issue of James Mays' intent to defraud. Defendants Samuel and Patsy Mays argue that the jury inferred Samuel and Patsy Mays' knowledge and intent from this evidence regarding James V. Mays' knowledge. That the jury drew such an inference from this evidence is speculative. The District Court's instructions emphasized individualized findings of guilt. The evidence of Samuel and Patsy Mays' intent was overwhelming. The admission of this evidence did not unduly prejudice defendants Samuel and Patsy Mays.

■ The second instance of allegedly prejudicial testimony was a witness' testimony that his life was threatened by codefendant James V. Mays. The testimony was adduced by the government on re-direct to rebut cross-examination on the issue of credibility. Patsy and Samuel Mays argue that this testimony inserted a "taint of violence" into their case and they were thereby prejudiced. But juries are presumed capable of following instructions regarding the sorting of evidence and the separate consideration of multiple defendants. *United States v. Swift,* 809 F.2d 320, 323 (6th Cir.1987). The District Court instructed the jury to consider the testimony only with regard to credibility and to consider the culpability of each defendant separately.

Mindful of the strong policy favoring joint trials, *Zafiro v. United States,* 506 U.S. 534, ──, 113 S.Ct. 933, 937, 122 L.Ed.2d 317 (1993) and the presumption of the validity of curative instructions, *Id.* at ──, 113 S.Ct. at 939, we hold that the District Court did not

abuse its discretion by denial of the motion to sever.

## C. The Sidebar Comments

■ The District Court at sidebar made comments which the defendants argue were improper and prejudicial. As an initial matter, because the record reflected that the sidebar conference was not within the jury's hearing, the defendants must prove that the comments were within the jury's hearing. *United States v. Day,* 956 F.2d 124 (6th Cir.1992). Although defendants' evidence on this issue does not appear particularly persuasive to us and defense counsel failed to move for an evidentiary hearing to prove their allegation, for the purposes of this appeal we will assume the comments were overheard. We nonetheless find that the comments do not warrant reversal.

■ The Court properly instructed the jury on the irrelevance of anything they may have overheard from a sidebar conference and properly instructed the jury on the burdens of proof. Evidence of guilt was overwhelming and the District Court's remarks, while somewhat critical of defense counsel, did not rise to the level of inflammatory comments that would be likely to prejudice any of the defendants. *Cf., United States v. Segines,* 17 F.3d 847, 852–53 (6th Cir.1994)(citing cases where hostile comments of the District Court rose to the level of reversible error).

## D. The admission of prejudicial hearsay testimony

Samuel and Patsy Mays challenge the admission of testimony which they contend impermissibly mentioned scientific testing of orange juice to detect adulteration. They argue that this testimony was hearsay, that its admission violated their constitutional right to confront witnesses, and that the District Court's admonishments to the jury were insufficient to protect their rights.

■ The first issue is whether the introduced evidence constituted hearsay. We consider the question *de novo.* *United States v. Fountain,* 2 F.3d 656, 668 (6th Cir.),

*cert. denied,* —— U.S. ——, 114 S.Ct. 608, 126 L.Ed.2d 573 (1993). Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." FED. R.EVID. 801(c). The government argues that the evidence was offered to show the defendants' and customers' reactions to the sugar testing reports made by customers rather than the truth of their contents. As proof of the non-hearsay purpose of the offered testimony, the government points to the District Court's repeated admonitions to the jury each time testing was mentioned. In fact, the court instructed the jury several times to assume that the testing was not reliable.

The evidence was admitted to prove the intent element of the fraud charge rather than to prove the existence of sugar in the concentrate. When defendants were confronted by purchasers about the possibility of added sugar in their product, defendants denied the accusation. Since competent evidence existed to create the inference that the defendants were in fact knowingly adding sugar to the concentrate, the proffered testimony was probative of defendants' knowledge of the wrongfulness of their actions. The evidence, therefore, was relevant and non-hearsay.

### E. Sixth Amendment Claims of Defendant Samuel Mays

#### 1. The Sixth Amendment and Disqualification of Counsel

In September of 1992, the United States moved for the disqualification of the Samuel Mays' privately retained attorney, Henry K. Jarrett, III, alleging a conflict of interest. The government argued that Jarrett's representation of seven government witnesses before the grand jury and his representation of James V. and Patsy Mays constituted an actual or potential conflict of interest. Although Jarrett said he would file a brief in opposition to the motion, he never did. The District Court granted the government's motion.

Defendant Samuel Mays, citing *Serra v. Michigan Dept. of Corrections,* 4 F.3d 1348, 1354 (6th Cir.1993), *cert. denied,* —— U.S.

——, 114 S.Ct. 1317, 127 L.Ed.2d 666 (1994), argues on appeal that the disqualification of his chosen attorney was without meaningful inquiry into the alleged conflict of interest and without inquiry into Mays' right to waive conflict-free representation, thus mandating reversal. For the following reasons, we find this argument to be without merit in this case.

 Our standard of review of a district court's decision regarding disqualification of counsel is a generous one. The district court is to be given wide latitude. *Serra,* 4 F.3d at 1354 (citing *Wheat v. United States,* 486 U.S. 153, 162–64, 108 S.Ct. 1692, 1698–1700, 100 L.Ed.2d 140 (1988)). On the other hand, evidence that a defendant was denied his right to retained counsel arbitrarily and without adequate reasons is sufficient to mandate a reversal without a showing of prejudice. *Id.* But in this case, the District Court's disqualification was not arbitrary nor without adequate reasons. The government's representations that Jarrett had represented seven government witnesses during the grand jury investigation and had represented two of Samuel Mays' codefendants were undisputed. *Cf., United States v. Reese,* 699 F.2d 803 (6th Cir.1983)(disputed facts required evidentiary hearing). Such representations, which the District Court was entitled to accept as truthful, support an inference of actual or potential conflict of interest warranting disqualification.

 When presented with a motion to disqualify, the district court must make a careful inquiry, balancing the constitutional right of the defendant to representation by counsel of his choosing with the court's interest in the integrity of the proceedings and the public's interest in the proper administration of justice. The inquiry will ordinarily require a hearing at which both parties will be permitted to produce witnesses for examination and cross-examination. *United States v. Reese,* 699 F.2d 803, 805 (6th Cir.1983). However, when the facts alleged in the motion to disqualify disclose an actual or potential conflict of interest and are uncontested, a hearing is not required.

■ Conceding a conflict of interest, however, defendant argues that a second sensitive inquiry still must be made, citing *United States v. Reese*, 699 F.2d 803, 805 (6th Cir.1983)(the defendant *"must* be given an opportunity to waive his right to conflict-free representation." (emphasis added)). The broad language of *Reese*, however, has been implicitly limited by subsequent decisions. *See, e.g., Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348 (6th Cir. 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1317, 127 L.Ed.2d 666 (1994). A district court, in certain situations, can disqualify an attorney despite a defendant's voluntary, knowing, and intelligent waiver of his constitutional right to conflict-free counsel at a hearing. *Serra*, 4 F.3d at 1353. It follows that a waiver hearing in each and every case would be a *pro forma* waste of judicial resources.[8] Even in *Reese*, upon which defendant relies, the requirement of a waiver hearing is qualified by "the absence of compelling circumstances." *Reese*, 699 F.2d at 805.

Here, the District Court faced a situation where it was undisputed that Jarrett had represented seven government witnesses before the grand jury and two of Samuel Mays' co-defendants. This situation posed the threat of conflicts of interest not solely to defendant Mays but to several others involved in the case. Given the broad latitude accorded to district courts' decisions with regard to conflicts of interest, and given the recognized potential of conflicts of interest in the representation of multiple codefendants, we cannot say that the District Court abused its discretion by disqualifying Samuel Mays' counsel and failing to hold a waiver hearing where defendant failed to file a brief or evidentiary material in support of his position. *Wheat v. United States*, 486 U.S. 153, 164, 108 S.Ct. 1692, 1699–1700, 100 L.Ed.2d 140 (1988); *See also United States v. Moscony*, 927 F.2d 742, 750 (3d Cir.), *cert. denied*, 501 U.S. 1211, 111 S.Ct. 2812, 115 L.Ed.2d 984 (1991)(cross-examination of former clients inherently involves a conflict of interest).

## 2. The Sixth Amendment and Delay in Appointment of Counsel

Following disqualification, Samuel Mays moved *pro se* for appointment of counsel. The government opposed the motion for failure to show indigency. In the midst of the resolution of this issue, illness of the original trial judge necessitated transfer of the case. It was not until almost five months later (142 days), that the District Court appointed an attorney for Sam Mays. In the mean time, the government had deposed a witness (the witness was terminally ill and dying); Samuel Mays was not represented at the deposition. Mays argues that his 142–day period without counsel during which a deposition was taken amounted to a deprivation of his Sixth Amendment right to counsel. We disagree.

■ The deposition testimony was not introduced at the trial. Furthermore, the deposition was of a dying man and so any delay might have deprived all of the litigants of the opportunity to depose a witness with relevant information (the deponent, Monroe Bullock, was a former Sun Up employee).

Samuel Mays points out that, on account of his lack of counsel at Bullock's deposition, he may have been prejudiced by his inability to elicit exculpatory evidence with regard to the issue of intent, an element of a felony conviction under 21 U.S.C § 333(a). This missed opportunity, however, is highly speculative. Defendant Samuel Mays is not able to suggest any testimony that witness might have given. The evidence of intent was overwhelming. We decline to reverse defendant's conviction on the grounds he had no counsel at Monroe Bullock's deposition.

In addition to having not had counsel at Bullock's deposition, defendant points out that there were 86 docket entries over the period during which he was not represented by counsel. Defendant, however, fails to show how any of those entries even arguably prejudiced his client.

---

8. We stress, however, that the fact that a district court can disqualify an attorney despite a defendant's waiver does not necessarily produce the conclusion that a waiver hearing is unnecessary.

Indeed, a waiver hearing could help the district court sort out the cases where disqualification is appropriate despite waiver.

Finally, defendant argues that his 142–day delay without counsel amounted to a *per se* violation of his Sixth Amendment right to counsel. But for delay in appointing counsel to violate the Sixth Amendment, the defendant must generally prove prejudice. *United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657 (1984)("Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated."); *Chambers v. Maroney,* 399 U.S. 42, 54, 90 S.Ct. 1975, 1982–83, 26 L.Ed.2d 419 (1970)("[W]e are not disposed to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel...."). Having failed to show prejudice by the nearly five-month delay before he was appointed new counsel, Samuel Mays is not entitled to reversal of conviction on this ground.

### F. Prejudice caused by cumulative error

Cumulative error analysis is relevant when there were certain errors at trial which, when considered alone may not deprive a person of due process, but may cumulatively produce a trial that is fundamentally unfair. *United States v. Ashworth,* 836 F.2d 260, 267 (6th Cir.1988). The defendants, however, failed to demonstrate any error on appeal; in addition, evidence of their guilt was overwhelming. In the absence of demonstrated error, we need not consider reversal on account of failure to grant a mistrial due to cumulative error.

### III.

For the reasons stated, we AFFIRM the judgments of the District Court with regard to both defendants Patsy and Samuel W. Mays.