81 F.3d 162
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel Fiacro PENA, Defendant-Appellant.
 No. 95-3304.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1996.
 
 Before: BROWN, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Samuel Fiacro Pena, pursuant to a plea agreement, entered an unconditional guilty plea to the crimes of (1) possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and (2) interstate travel to promote the distribution of marijuana in violation of 18 U.S.C. § 1952. The district court sentenced Pena to 97 months in prison and six years of supervised release. Pena appeals, contending that the district court improperly disqualified his counsel of choice and abused its discretion in denying his motion to withdraw his guilty plea.
 
 I.
 
 2
 In July of 1994, Pena was indicted for the aforementioned crimes, and he pleaded not guilty. About two months later, the government moved to disqualify Pena's retained counsel because of a conflict of interest: the attorney had previously represented (in another matter) the government's primary witness in its case against Pena. The record reflects that Pena's counsel brought the conflict to the attention of the prosecuting attorney, who then filed the motion to disqualify.
 
 
 3
 At a subsequent hearing, Pena's attorney stated that neither he nor Pena would oppose the government's motion to disqualify. The court granted the motion without any further hearing, and then asked Pena about successor counsel. Pena responded that he had no money, and so the district court appointed new trial counsel for Pena.
 
 
 4
 On November 29, 1994, the parties appeared for trial. At that point, Pena began to act pro se, asking for a continuance because he believed the government had withheld evidence from him. Specifically, Pena wanted to review more than four hours of tapes of recorded conversations between himself and a government informant. The district court continued the trial for one day, and it ordered the government to give the original tapes to Pena, who listened to the tapes with his appointed lawyer that day.
 
 
 5
 The next day, Pena entered an unconditional guilty plea, as heretofore indicated. Pena provided the probation officer who prepared his presentence report with a statement accepting responsibility for his actions, and stating that he dealt the drugs in question because he needed money.
 
 
 6
 Almost two and a half months after entering his plea, however, Pena moved pro se to withdraw his guilty plea, and to disqualify his appointed counsel and re-enter his retained counsel. On the day he was scheduled to be sentenced, Pena argued both motions himself. The district court denied Pena's motion to withdraw his plea, but it granted Pena's motion to dismiss his appointed counsel. The court then handed down its sentence, and Pena timely appealed.
 
 II.
 
 7
 Pena argues that the district court erred in granting the government's motion to disqualify his retained counsel on conflict of interest grounds. The district court, Pena contends, should have conducted an evidentiary hearing into the extent and nature of the alleged conflict. Pena relies on the recent case of United States v. Mays, 69 F.3d 116 (6th Cir.1995), to support his argument. The government, in response, says that Pena waived any objection in this regard. We agree.
 
 
 8
 It is settled law that defendants who plead guilty to crimes have an "affirmative duty" to preserve their objections to adverse determinations of pretrial motions by entering conditional guilty pleas, pursuant to Federal Rule of Criminal Procedure 11(a)(2). United States v. Pickett, 941 F.2d 411, 416 (6th Cir.1991). The Pickett court held that the defendant's failure to enter such a plea prevented him from raising non-jurisdictional arguments against his conviction on appeal, even though some of the arguments were constitutional in nature. Id. at 416-17.
 
 
 9
 Moreover, Pena's reliance on Mays is misplaced. While the Mays court did state that district courts presented with motions to disqualify "must make a careful inquiry" which "will ordinarily require a hearing at which both parties will be permitted to produce witnesses," 69 F.3d at 121, the court did not stop there. The court went on to say that "when the facts alleged in the motion to disqualify disclose an actual or potential conflict of interest and are uncontested, a hearing is not required." Id. The latter statement more accurately describes the instant case, in which (1) Pena's counsel himself pointed out the conflict; (2) neither Pena nor his counsel objected, despite direct questioning from the district court; and (3) the facts alleged in the government's motion disclosed, at the very least, a potential conflict of interest.
 
 
 10
 Pena also argues that the district court should have granted his motion, pursuant to Federal Rule of Criminal Procedure 32(e), to withdraw his guilty plea. Under Rule 32(e), a court may allow a defendant to withdraw a guilty plea before sentencing "if the defendant shows any fair and just reason." We review a district court's ruling on guilty plea withdrawals for an abuse of discretion, as there is no absolute right to such withdrawals. E.g., United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987). Upon a thorough review of the record, we are not convinced that the district court erred in denying Pena's motion to withdraw his guilty plea, particularly given the two and a half months that elapsed between the entry of Pena's guilty plea and his motion to withdraw it. United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir.1991) (per curiam), cert. denied, 502 U.S. 117 (1992); Spencer, 836 F.2d at 237-39.
 
 
 11
 Finally, Pena contends that he received constitutionally ineffective assistance of counsel from his court-appointed trial attorney. The government responds with the general rule that this court will not consider ineffective assistance of counsel claims raised for the first time on direct appeal, unless the record has been sufficiently developed to enable us to evaluate counsel's performance. E.g., United States v. Snow, 48 F.3d 198, 199 (6th Cir.1995). Rather, such claims are best brought in post-conviction proceedings under 28 U.S.C. § 2255. Having reviewed the slender record in this case, we find it insufficient to enable us to determine whether the appointed trial attorney's alleged shortcomings could be considered constitutionally ineffective under the analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). Thus, we will adhere to the general rule and not consider Pena's Sixth Amendment claim at this juncture. We AFFIRM.