103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lonnie BROOMFIELD, Defendant-Appellant.
 No. 95-3927.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1996.
 
 Before: BROWN, GUY, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Lonnie Broomfield appeals a district court judgment of conviction and sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1995, Broomfield pleaded guilty to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court sentenced Broomfield to 180 months of imprisonment and five years of supervised release and imposed a $50 special assessment. This court granted Broomfield's motion to proceed pro se on appeal and he argues that: 1) the government engaged in sentencing entrapment; 2) the distinction in the Sentencing Guidelines between cocaine and crack cocaine is unconstitutional; 3) the government did not provide him with notice of a sentencing enhancement for prior convictions; 4) the district court improperly calculated his Sentencing Guideline range; 5) the district court did not depart downward sufficiently from his guideline range in sentencing him; 6) the district court improperly denied his motion to disqualify counsel for a conflict of interest; 7) the district court improperly denied his request to proceed pro se; 8) the district court improperly denied his motion to withdraw his guilty plea; 9) his conviction violated the Double Jeopardy Clause; 10) the district court improperly denied his motion for the return of property seized at the time of his arrest; and 11) his counsel rendered ineffective assistance.
 
 
 3
 Broomfield's argument that the government engaged in sentencing entrapment is without merit. Sentencing entrapment is outrageous official conduct which overcomes the will of an individual predisposed only to dealing in small quantities of drugs for the purpose of increasing the amount of drugs and the resulting sentence of the entrapped defendant. United States v. Barth, 990 F.2d 422, 424 (8th Cir.1993). However, the use of standard operating procedures to arrange drug transactions does not constitute outrageous behavior, id. at 425, and police must be given leeway to investigate the extent of the criminal enterprise and the existence of co-conspirators. United States v. Calva, 979 F.2d 119, 123 (8th Cir.1992); United States v. Murphy, No. 93-5616, 1994 WL 18008, at * 5 (6th Cir. Jan. 21, 1994).
 
 
 4
 Broomfield was not the victim of sentencing entrapment in this case. The district court's conclusion that Broomfield always intended to distribute crack cocaine and that the government's continued purchases from him were part of a legitimate effort to ascertain the identity of Broomfield's suppliers was not clearly erroneous. See United States v. Mahaffey, 53 F.3d 128, 131 (6th Cir.1995).
 
 
 5
 Broomfield's argument that he should not have been sentenced under the provision of the Guidelines which treats one gram of crack cocaine as the equivalent of 100 grams of powder cocaine is without merit. Broomfield relies on proposed amendments to the Guidelines which would have affected this equivalency provision; however, these amendments were never enacted. Further, this court has repeatedly held that the 100 to one sentencing equivalency is constitutional. United States v. Lloyd, 10 F.3d 1197, 1220 (6th Cir.1993), cert. denied, 115 S.Ct. 219 (1994).
 
 
 6
 Broomfield's argument that the government did not provide him with notice of a sentencing enhancement for prior convictions is without merit. Broomfield relies on 21 U.S.C. § 851 which requires the government to provide the defendant with notice of prior convictions before seeking an enhanced sentence for such convictions. However, the notice requirement of § 851 only applies when the government seeks a statutory enhancement under 21 U.S.C. § 841(b). See United States v. Brannon, 7 F.3d 516, 521 (6th Cir.1993). Broomfield's sentence in this case was not enhanced under § 841(b); instead, the district court utilized the prior convictions in calculating Broomfield's criminal history category under the Guidelines. No notice is required under § 851 for enhancing Broomfield's sentence for prior convictions under the Guidelines. See United States v. Mans, 999 F.2d 966, 969 (6th Cir.), cert. denied, 510 U.S. 999 (1993).
 
 
 7
 Broomfield's argument that the district court improperly calculated his Guideline range is meritless. He first argues that the district court improperly enhanced his sentence under USSG § 2D1.1(b)(1), which provides that, if the defendant possessed a dangerous weapon during his drug trafficking, his guideline level is increased by two points. The record reveals that, during a drug transaction, Broomfield had a semi-automatic pistol laying nearby. As the weapon was present and it was clearly probable that the weapon was connected with the offense, the district court properly applied the § 2D1.1 enhancement. See USSG § 2D1.1, comment. (n. 3). While Broomfield also argues that the district court erred in not granting him a reduction for acceptance of responsibility, the record reveals that Broomfield did receive an acceptance of responsibility reduction.
 
 
 8
 Broomfield's argument that the district court did not sufficiently depart downward from his Guideline range in sentencing him is not an appealable issue. Following the government's motion for a downward departure from the Guideline range for substantial assistance under USSG § 5K1.1, the district court reduced Broomfield's total offense level by one point. While he now argues that the court should have departed downward even further in sentencing him, Broomfield may not challenge the extent of the district court's downward departure. United States v. Gregory, 932 F.2d 1167, 1168-69 (6th Cir.1991).
 
 
 9
 Broomfield's argument that the district court improperly denied his motion to disqualify his counsel is meritless. This court's standard of review of a district court's decision regarding disqualification of counsel is a generous one and the district court is to be given wide latitude. United States v. Mays, 69 F.3d 116, 121 (6th Cir.1995), cert. denied, 116 S.Ct. 2504 (1996). Our review of the record reveals that the district court properly denied this motion. We also conclude that the court properly denied Broomfield's motion to substitute counsel or, in the alternative, proceed pro se.
 
 
 10
 Broomfield's argument that the district court improperly denied his motion to withdraw his guilty plea is meritless. Initially, we note that, at the sentencing hearing, Broomfield asked to withdraw his objections to the entry of his guilty plea. While the district court granted this request, the court also stated that, if Broomfield attempted to pursue the motion on another occasion, the court would deny the motion. Since Broomfield waived his objections in the district court, they are not properly presented to this court on appeal. See United States v. Cullen, 67 F.3d 123, 124 (6th Cir.1995). Consequently, this court may only review the district court's decision for plain error. See United States v. Sherrod, 33 F.3d 723, 724 (6th Cir.1994), cert. denied, 115 S.Ct. 1317 (1995). In ruling on a motion to withdraw a guilty plea, the district court should consider: 1) the amount of time elapsed between the plea and the motion to withdraw; 2) the presence of a valid reason for not moving to withdraw at an earlier stage of the proceedings; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the defendant's prior experience with the criminal justice system; and 7) the potential prejudice to the government. United States v. Bashara, 27 F.3d 1174, 1181 (6th Cir.1994), cert. denied, 115 S.Ct. 909 (1995). In light of these factors, the district court properly concluded that Broomfield's motion was meritless.
 
 
 11
 Broomfield's argument that his conviction violated the Double Jeopardy Clause is without merit. Broomfield argues that he was separately punished for the same conduct by the federal government and by the state of Ohio. However, while Broomfield was initially indicted by the state of Ohio on drug charges arising out of the current offense, these charges were ultimately dismissed. Broomfield also argues that he was placed in double jeopardy because the government forfeited property seized at the time of his arrest. Contrary to his assertion, the government has not forfeited any of Broomfield's property; rather, it is merely holding property as evidence seized at the time of his arrest until the resolution of his criminal proceedings.
 
 
 12
 Broomfield's argument that the district court improperly denied his motion for return of property is not properly before the court. After filing the present notice of appeal, Broomfield moved for the return of his property in the district court and the court denied his request. Broomfield's appeal from the denial of this motion is currently pending before the court. (No. 95-4334). Since the order denying the motion was filed after the present notice of appeal, it is not reviewable in this appeal.
 
 
 13
 Broomfield's claim that his counsel rendered ineffective assistance is not properly before the court at this time. Since the record is not adequate to permit review of this claim, it is not cognizable in Broomfield's direct criminal appeal and is more properly raised in a § 2255 proceeding. See United States v. Allison, 59 F.3d 43, 46 (6th Cir.), cert. denied, 116 S.Ct. 548 (1995).
 
 
 14
 Lastly, Broomfield claims for the first time in his reply brief that: 1) he should have received a downward departure under USSG § 5K2.13; 2) his prior convictions should not have been counted under the Sentencing Guidelines because these convictions were obtained without the assistance of counsel; and 3) Congress lacked the authority to implement the statutes under which he was convicted. Since Broomfield raised these issues for the first time in his reply brief, we will not consider them. United States v. Perkins, 994 F.2d 1184, 1191 (6th Cir.), cert. denied, 510 U.S. 903 (1993).
 
 
 15
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.