**Calvin TAYLOR, Petitioner–Appellant,**

v.

**Joseph ABRAMAJTYS, Respondent–Appellee.**

No. 00–2340.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2001.

Before GUY and MOORE, Circuit Judges; HULL, District Judge.*

### ORDER

Calvin Taylor, a Michigan state prisoner, appeals pro se a district court judgment denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Taylor was convicted following a jury trial in 1989 of second degree murder and felony firearm. He was sentenced to twenty-five to fifty years and two years of imprisonment, respectively, to run consecutively. After unsuccessfully pursuing both a direct appeal and postconviction proceedings in the state courts, he filed this petition for federal habeas corpus relief, raising the following claims: 1) ineffective assistance of counsel; 2) prosecutorial misconduct; 3) judicial misconduct; 4) insufficient evidence to bind him over for trial; 5) ineffective assistance of appellate counsel; and 6) the cumulative effect of the above errors deprived him of a fundamentally fair trial.

The district court determined that Taylor's claim of prosecutorial misconduct had been procedurally defaulted by failing to

---

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

raise it on direct appeal, and that his claim of insufficient evidence to bind him over for trial raised only a state law issue. The remaining claims were rejected after consideration of their merits, and the petition was denied. The following issues were certified for appeal: 1) ineffective assistance of trial and appellate counsel; 2) judicial misconduct; and 3) the cumulative effect of these alleged errors.

This court reviews a district court's legal conclusions in a habeas corpus proceeding de novo and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). In this case, we conclude that the district court properly applied the law to the facts, and will therefore affirm the denial of the petition.

■ Several of Taylor's claims of ineffective assistance of counsel are patently without merit. Counsel was not ineffective in failing to give notice of an alibi defense, when Taylor's own statement to the police refuted any alibi. He admitted getting his gun after being robbed of a rock of crack cocaine, following his assailants, and firing at them, although he stated that he fired over their heads and was unaware that his victim had been hit in the chest and killed. He also points to no evidence which would have called his competency into question and required counsel to request a psychiatric examination. Taylor's allegation of ineffective assistance of appellate counsel for failing to raise a claim of prosecutorial misconduct also fails. Even if the claim of prosecutorial misconduct had any merit, Taylor had no constitutional right to compel his appellate attorney to raise every nonfrivolous argument on appeal. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

■ Taylor's remaining claims involve the unprofessional conduct of the trial court judge and his defense attorney. The judge at Taylor's trial has had several convictions from his court overturned on the basis of his behavior, and has been sanctioned by state authorities. *See In re: Moore*, 464 Mich. 98, 626 N.W.2d 374 (Mich.2001). Taylor's defense attorney was obviously very familiar with this judge and apparently adopted the tactic of behaving in a bizarre fashion designed to provoke the judge into an outburst. The judge and defense counsel directed personal comments at each other throughout the trial, and the judge told defense counsel to sit down and shut up on numerous occasions. However, the judge also admonished the jury on several occasions not to allow the apparent conflict between the judge and defense counsel to influence their verdict. Review of the transcript shows that the trial judge was provoked into expressions of impatience, annoyance, and anger by defense counsel's behavior. However, such statements do not necessarily establish bias or result in an unfair trial. *See Liteky v. United States*, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

■ Counsel's apparent unprofessional conduct is also insufficient to establish ineffective assistance absent a showing of prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The deficiency in counsel's performance will only be found prejudicial where there is a reasonable probability that the result of the trial would have been different and where the reviewing court's confidence in the outcome is undermined. *Id.* at 693–94. In this case, the evidence of Taylor's guilt was substantial. His own statement to the police, coupled with the statements of several witnesses who saw him carrying the gun before and after the shots were fired are sufficient to confidently conclude that Taylor would have been found guilty by the jury even if the unprofessional conduct of

defense counsel and the trial judge had not occurred.

Because the cumulative effect of the alleged errors did not deprive Taylor of a fundamentally fair trial, Taylor's final claim also does not warrant habeas corpus relief. *See United States v. Mays,* 69 F.3d 116, 123 (6th Cir.1995).

For all of the above reasons, the district court's judgment denying this petition for federal habeas corpus relief is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.