NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0647n.06

No. 09-5390

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Oct 13, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DEANGELUS HAYES, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  KETHLEDGE and WHITE, Circuit Judges; BECKWITH, Senior District Judge.[*]

KETHLEDGE, Circuit Judge.  On September 27, 2007, Amber Howe was standing outside her boyfriend's 2001 Buick Century, looking for her cellphone.  A man approached her, threatened her with a revolver, and then stole the car.  A jury later determined that Deangelus Hayes was that man, and found him guilty of carjacking, *see* 18 U.S.C. § 2119, and of brandishing a firearm during the commission of a crime of violence, *see* 18 U.S.C. § 924(c).  The district court sentenced Hayes to 170 months' imprisonment.  Hayes now challenges his convictions and sentence.

Hayes argues that the evidence was insufficient to convict.  Although he does not dispute that Amber Howe was the victim of the carjacking, he says that he was not the carjacker.  But Howe twice identified Hayes as her carjacker—once in a photographic line-up, and later in open court.  *See* Trial Tr. at 81, 76.  These identifications, by themselves, are enough to support Hayes's convictions.

---

[*] The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

*See United States v. Caraway*, 411 F.3d 679, 682-83 (6th Cir. 2005); *United States v. Tipton*, 11 F.3d 602, 609 (6th Cir. 1993). Moreover, the testimony of Hayes's ex-girlfriend, Brandy Nolan, also connected Hayes to the carjacking. When Nolan noticed a Buick parked in her garage, Hayes told her that he got the car from "Ridgecrest"—the apartment complex where the carjacking occurred—and showed her a revolver that was similar to the one Howe described. *See* Trial Tr. at 191, 196-98. Hayes responds that Nolan and Howes were not credible witnesses at trial; but that determination was for the jury, not us. *See United States v. Bailey*, 553 F.3d 940, 946 (6th Cir. 2009).

Hayes's remaining challenge to his convictions is that the district court improperly denied his motion for a mistrial. As Brandy Nolan was leaving the witness stand at trial, she said: "Your Honor, I am kind of concerned about going out there." Trial Tr. at 252. The district court responded, "[w]e can't talk about that here," and then told Nolan and the attorneys to come to the sidebar. Once there, Nolan explained that she was afraid of Hayes's family members, who were waiting outside the courtroom. After the district court arranged for Nolan to be escorted to her car, Hayes's lawyer moved for a mistrial. The district court denied the motion, deciding instead to give a curative instruction. In Hayes's view, that instruction was insufficient because Nolan's comments "irreparably prejudiced" the jury against him. Hayes's Br. at 21.

We review the denial of a mistrial motion for an abuse of discretion. *United States v. Wimbley*, 553 F.3d 455, 460 (6th Cir. 2009). Here, Nolan's initial comment was unsolicited and unrelated to any of the government's questioning. The comment was a minor part of the testimony at trial. And the district court's instruction was immediate, clear, and forceful:

> Ladies and gentlemen, that very last remark by the witness was an inappropriate remark, I told her that, and we have taken care of that. But you must disregard that, it is as though you never heard the remark, it has to come from a witness stand, it can't come as somebody walks away, they can't make a comment to you or me, it is not appropriate. I will not allow that. If somebody brings that up, you just say that is inappropriate, we couldn't receive it, it is as though we never heard it.

Trial Tr. at 254. Nolan's initial comment therefore did not require a mistrial. *See United States v. Forrest*, 17 F.3d 916, 920 (6th Cir. 1994).

Hayes also argues that he was prejudiced by Nolan's comment *during* the sidebar conference—that she was afraid of his family members waiting outside the courtroom. Hayes cites *United States v. Poindexter*, 942 F.2d 354 (6th Cir. 1991), where we said that "this court will assume that the [sidebar] conference is within the jury's hearing unless the record shows otherwise." *Id.* at 360. The record here, Hayes says, does not show otherwise.

As an initial matter, it is unclear whether *Poindexter* is good law on this point. An earlier decision from this court seems to reject the presumption that *Poindexter* adopts. *See United States v. Smith*, 928 F.2d 740, 743 (6th Cir. 1991). If so, the earlier case controls. *See Sowards v. Loudon County*, 203 F.3d 426, 431 n.1 (6th Cir. 2000) ("When a later decision from this court conflicts with its prior decisions, the earlier cases control"). Moreover, the *Poindexter* panel itself later showed a willingness to rely on reporters' notes when it modified its holding on rehearing in a companion case. *See United States v. Day*, 956 F.2d 124, 125 (6th Cir. 1992).

In any event, the record here shows that the jury could not hear the sidebar conference. During the conference, the district court stated: "I'm going to tell [the jury] that it was an inappropriate remark . . . and so they won't know whether we were over here chewing her out or

what we were doing." Trial Tr. at 254. The court's statement—that the jury would not know "what we were doing" at sidebar—makes clear that the jury could not hear the sidebar. Nolan's statements, therefore, did not prejudice Hayes. The district court properly denied the mistrial motion.

That leaves Hayes's challenge to his sentence. Hayes's carjacking sentence—which comprised 86 months of his 170-month sentence—was based in part on a two-level enhancement for "physically restrain[ing]" a person "to facilitate commission of the offense[.]" U.S.S.G. § 2B3.1(b)(4)(B). Hayes argues the enhancement was improper.

The parties dispute the standard of review. The government contends that we should review this issue only for plain error, since the enhancement was disclosed in Hayes's Presentence Report and Hayes never objected to it. The rules required him to do so. *See* Fed. R. Crim. P. 32(f)(1). But Hayes responds that the district court failed to comply with *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004). There, we created "a new procedural rule, requiring district courts, after pronouncing the defendant's sentence but before adjourning the sentencing hearing, to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." *Id.* at 872. If the district court does not ask this question or its equivalent, the parties "will not have forfeited their objections and thus will not be required to demonstrate plain error on appeal." *Id.*

Here, after the district court announced its intent to impose a 170-month sentence, the following exchange occurred:

> THE COURT:     Okay. Anything from the defense? I know that you wanted a little lower sentence, but I think --

[Defense Counsel]:    No objection to the technical calculation of the guidelines.

Snt'g Tr. at 20.

The reality here is that Hayes's counsel *did* interpret the district court's question—"Anything from the defense?"—as a request for a least a certain type of objection, namely, "objection[s] to the technical calculation of the guidelines." And that is precisely the kind of objection that Hayes makes now. There is no point in allowing a party, who expressly stated that he had no objections, to complain later that he did not have an opportunity to object. The district court's question served its purpose with respect to the issue presented here; and thus, even without considering Hayes's failure to comply with Rule 32(f)(1), we review the enhancement only for plain error.

The Sentencing Guidelines provide for a two-level enhancement "if any person was physically restrained to facilitate the commission of the offense[.]" U.S.S.G. § 2B3.1(b)(4)(B). The enhancement was apparently based on Hayes's threats to Howe during the carjacking: "[I]f you scream, I will shoot you. If you try to run away from this car, I will shoot you." Trial Tr. at 126. Hayes contends that "threatening a carjacking victim with a firearm does not amount to 'physical restraint.'" Hayes's Br. at 21.

The circuits are split on this issue. Some have adopted Hayes's position: threatening a person at gunpoint is not itself a physical restraint. *See, e.g.*, *United States v. Drew*, 200 F.3d 871, 880 (D.C. Cir. 2000) ("[P]hysical restraint requires the defendant either to restrain the victim through bodily contact or to confine the victim in some way"); *United States v. Anglin*, 169 F.3d 154, 164 (2d Cir. 1999). Others have adopted the government's position: holding a person at gunpoint and telling her not to move does amount to a physical restraint. *See, e.g.*, *United States v. Wallace*, 461

F.3d 15, 33 (1st Cir. 2006) (applying the enhancement when defendants "rendered the victims physically immobile by keeping their guns pointed directly at each victim in close range"); *United States v. Fisher*, 132 F.3d 1327, 1330 (10th Cir. 1997) ("[P]hysical restraint occurs whenever a victim is specifically prevented at gunpoint from moving, thereby facilitating the crime"); *United States v. Wilson*, 198 F.3d 467, 472 (4th Cir. 1999). The only authority from our circuit is an unpublished opinion that adopts the government's position. *See United States v. Morgan*, 16 F.3d 1222 (table), 1994 WL 12651, at *3 (6th Cir. 1994) ("Courts have determined 'physical restraint' to include holding victims at gunpoint, or even at knifepoint" (internal citations omitted)).

Whatever the merits of Hayes's argument, "the circuit split precludes a finding of plain error." *United States v. Williams*, 53 F.3d 769, 772 (6th Cir. 1995). That is all we need decide here.

Finally, the enhancement did not plainly constitute "impermissible double counting" in light of Hayes's conviction for brandishing a firearm. Although the enhancement and the conviction arose from the same conduct, they punished "different *aspects* of the defendant's conduct." *United States v. Perkins*, 89 F.3d 303, 310 (6th Cir. 1996) (emphasis in original). The first was his brandishing of the gun; the second was the physical restraint. So there was no double-counting. *See U.S. v. Eversole*, 487 F.3d 1024, 1030 (6th Cir. 2007).

Hayes's conviction and sentence are affirmed.