# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2025

Lyle W. Cayce
Clerk

No. 24-40778

JOHN DOE, MEDICAL DOCTOR, *Doctor* OF PHILOSOPHY,

*Plaintiff—Appellant*,

*versus*

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:24-CV-49

PUBLISHED ORDER

Before HAYNES, HO, and OLDHAM, *Circuit Judges*.

PER CURIAM:

The court heard oral argument in this matter on September 4, 2025. But it did so after the emergency hospitalization of Appellant's lead counsel and after Appellant requested a continuance.[1] It is therefore ORDERED

---

[1] Judge Haynes notes the following: Because there were attorneys on both sides who had travelled to argue and the court was notified only shortly before the panel began hearing that day's oral arguments, the court proceeded with oral argument given that the assistant attorney to the lead attorney had his name on the briefs filed by the Appellant. He

No. 24-40778

that we are willing to do an additional oral argument on Zoom if Appellant's lead counsel requests it.

_____

was obviously prepared, and it seems highly likely that well before the day of oral argument, he assisted the lead counsel in preparing for the oral argument, as he presented very well at the oral argument. Accordingly, it is understandable if Doe's lead counsel does not think it is necessary to do a further oral argument, but we respect if he does.

No. 24-40778

JAMES C. HO and ANDREW S. OLDHAM, *Circuit Judges*, concurring:

On the morning of oral argument, counsel for John Doe informed the court of a medical emergency involving lead counsel, and accordingly requested that oral argument be rescheduled at a future date convenient to the court. Counsel for the United States collegially declined to object.

The court nevertheless proceeded with oral argument—in effect giving Doe's counsel approximately two hours' notice that he would be presenting oral argument before our court.

It goes without saying that members of our court expect appellate counsel to undertake well more than two hours to prepare for oral argument. We accordingly support the order offering to schedule this matter for oral argument at a future date, if Doe's counsel requests it.[*]

In doing so, we note that this is hardly the first time that a federal appellate court has been faced with an emergency request to reschedule oral argument.

In *Powell v. United States*, 516 U.S. 1039 (1996), the Supreme Court granted counsel's motion to reschedule oral argument the day before argument was originally scheduled. *See also Powell v. United States*, 516 U.S. 1070 (1996) (setting new oral argument date). The Court likewise granted a motion to reschedule oral argument in *Brown Shoe Co. v. United States*, 365 U.S. 825 (1961).

---

[*] In brief response to our colleague, it seems obvious that there is a meaningful difference between lead counsel and second chair. We do not presume to know how much of the record even the most capable second chair could have mastered with two hours' notice—and the extent to which that may have affected oral argument.

The Fourth Circuit has likewise agreed to reschedule oral argument due to counsel's health concerns. *See Raynor v. G4S Secure Sols. (USA), Inc.*, 805 F. App'x 170, 173 n.1 (4th Cir. 2020) ("In response to . . . health concerns of counsel for G4S, we . . . agreed to reschedule oral argument.").

So has the Sixth Circuit. *See United States v. Mays*, 69 F.3d 116, 119 n.7 (6th Cir. 1995) ("Due to an illness of his attorney, James V. Mays sought and was granted a rescheduling of oral argument.").

The Third Circuit has as well. *See* Howard Bashman, *A Look at How Local Appellate Courts Handle Requests to Reschedule Oral Argument*, The Legal Intelligencer, June 12, 2023 ("[A] few days before the oral argument, [appellate counsel] took seriously ill and was hospitalized, resulting in an emergency request to postpone the oral argument . . . . The Third Circuit panel granted that emergency adjournment request.").

The D.C. Circuit granted a similar motion based on the death of appellate counsel's son. *See* Order, *United States v. Bannon*, No. 22-3086 (Oct. 3, 2023).

And we are confident there are countless other examples throughout the federal judiciary, including our court.

We write separately in the hope that this will help counsel in future cases to encourage courts to chart a similar course.

4