*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 05a0250p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 04-5115

MARECO CARAWAY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 03-20118—Samuel H. Mays, Jr., District Judge.

Argued: April 19, 2005

Decided and Filed: June 9, 2005

Before: BOGGS, Chief Judge; RYAN and ROGERS, Circuit Judges.

_____

**COUNSEL**

_____

**ARGUED:** Stephen B. Shankman, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. David N. Pritchard, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** Pamela B. Hamrin, OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE WESTERN DISTRICT OF TENNESSEE, Memphis, Tennessee, for Appellant. David N. Pritchard, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

_____

**OPINION**

_____

ROGERS, Circuit Judge. Mareco Caraway appeals his conviction and sentence for being a felon in possession of a firearm. Mr. Caraway argues on appeal that the evidence presented at trial was constitutionally insufficient to sustain his conviction, and that the district court abused its discretion in allowing the prosecutor to introduce certain evidence to rebut the testimony of a defense witness. Mr. Caraway also argues that his sentence violates the Sixth Amendment because he received a one-level enhancement under the armed career criminal sentencing guideline based on the district court's finding that he possessed the firearm in connection with a violent felony, in this case assaulting the police officer who attempted to apprehend him. U.S.S.G. § 4B1.4(b)(3) (2002). We affirm Mr. Caraway's conviction, but vacate Mr. Caraway's sentence and remand the case for resentencing in light of *United States v. Booker*, 125 S.Ct. 738 (2005).

1

## I.

On November 28, 2002, Lieutenant Darryl Porter and Officer Jonas Holguin of the Memphis Police Department responded to a call reporting the location of a stolen vehicle. Lt. Porter was told by an unidentified individual that the driver of the stolen car was a black man in a brown jacket walking away from the vehicle about 300 feet from Lt. Porter and Officer Holguin. At about the same time, Officer Ronald Weddle arrived on the scene and Lt. Porter asked Officer Weddle to question the individual walking away. Officer Weddle drove toward the individual, who ran down an alley when Officer Weddle stepped from his squad car to question the suspect. Officer Weddle gave chase on foot, down the alley and into a back yard.

Officer Weddle discovered the suspect crouching behind a shed in the backyard, facing away from Officer Weddle and holding a handgun. Officer Weddle drew his gun and ordered the suspect to drop his weapon and surrender. The suspect turned toward Officer Weddle and pointed a silver pistol at him, then fled, dropping the gun along the way. The suspect tried to jump a fence, at which point Officer Weddle grabbed him from behind and pulled him to the ground. The suspect continued to resist, and in the process shed his jacket and shirt to break away from Officer Weddle. Officer Weddle observed the suspect climb the fence and crawl under a black SUV to hide; Weddle radioed this information to Officer Holguin and Lt. Porter. Officer Holguin found the suspect under the SUV and ordered him out. The suspect made one last attempt to flee, but was subdued by Officers Holguin and Weddle.

After the suspect was secured, Officer Weddle returned to the backyard and retrieved the gun and clothing that the suspect had discarded. The suspect turned out to be Mr. Caraway. Lt. Porter, as the supervising officer on the scene, arrived to sign off on Mr. Caraway's arrest. While counting the money found on Mr. Caraway, Lt. Porter heard Mr. Caraway state, "First you take my gun and now you are going to take my money." Lt. Porter returned the money to Mr. Caraway, and he was then taken to be booked. The property report prepared at booking listed him as wearing two black t-shirts and a pair of gray pants. Mr. Caraway was charged in Tennessee state court with evading arrest, unlawful possession of a weapon, aggravated assault, assault, and resisting official detention. However, these charges were dropped on January 28, 2003, after Officer Weddle was unable to make a positive identification of Mr. Caraway at a preliminary hearing. Following the hearing, Officer Weddle refreshed his recollection of Mr. Caraway's appearance by reviewing a booking photo of Mr. Caraway taken the night of the arrest.

In April of 2003, Mr. Caraway was indicted by a federal grand jury for being a felon in possession of a firearm. He pled not guilty and proceeded to trial in September 2003. At trial, Lt. Porter and Officers Weddle and Holguin testified to the events described above. Officer Weddle positively identified Mr. Caraway as the individual he chased down and arrested in November of 2002, and the defense cross-examined Weddle on his earlier inability to identify Mr. Caraway. The prosecutor also established that the firearm and ammunition recovered from the scene of Mr. Caraway's arrest were manufactured outside of Tennessee and therefore had traveled in interstate commerce. At the close of the Government's case-in-chief, defense counsel moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, but the motion was denied.

Mr. Caraway's defense rested on a theory of misidentification. The defense called Ms. Tonya Rice, a property clerk on duty when Mr. Caraway was booked, who testified that he was wearing two black t-shirts and a gray pair of pants at the time he was booked. In rebuttal, the prosecutor recalled Officer Weddle to the stand. Weddle again testified that Mr. Caraway had been wearing a brown jacket and long-sleeved shirt, but that they were removed when the two men struggled the night of Mr. Caraway's arrest. Officer Weddle further testified that the jacket and shirt were taken to the evidence room of the Memphis police department that evening. The prosecutor also introduced the jacket and shirt into evidence. Defense counsel objected to the testimony and

the introduction of the jacket and shirt, on the grounds that the rebuttal was improper. The district court overruled the objection. At the close of evidence, the defense again moved for a judgment of acquittal, and the district court again denied the motion.

The jury found Mr. Caraway guilty of being a felon in possession of a weapon. At the sentencing hearing that followed, Mr. Caraway conceded that the district court was required to sentence him as an armed career criminal under 18 U.S.C. § 924(e). Under the sentencing guidelines and the statute, Mr. Caraway's offense level was either a 33 or 34, depending on whether or not the firearm he was convicted of possessing was used in connection with a crime of violence. *See* U.S.S.G. § 4B1.4(b)(3) (2002). The district court found, over Mr. Caraway's objection, that despite the dismissal of the state criminal charges Mr. Caraway possessed the firearm in connection with a crime of violence. As a result, Mr. Caraway's guideline offense level was 34, with a sentencing range of 262 to 327 months. The district court sentenced Mr. Caraway to 302 months of imprisonment and three years of supervised release. This appeal followed.

II.

The evidence presented by the prosecution at trial was sufficient to establish the elements of the offense charged such that a rational juror could find Mr. Caraway guilty beyond a reasonable doubt. Therefore, Mr. Caraway's motions for a judgment of acquittal were properly denied. "When reviewing the sufficiency of the evidence to support a criminal conviction, the 'relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Wood*, 364 F.3d 704, 716 (6th Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).

In order for a defendant to be found guilty of being a felon in possession of a firearm, the government must prove: (1) that the defendant had a prior felony conviction; (2) that the defendant knowingly possessed the firearm, either actually or constructively; and (3) that the firearm had traveled in interstate commerce. *See* 18 U.S.C. § 922(g) (2000); *United States v. Smith*, 320 F.3d 647, 655 (6th Cir. 2003). Here, the prosecutor presented: (1) evidence of Mr. Caraway's prior felony conviction; (2) the testimony of Lt. Porter and Officers Weddle and Holguin to establish that the gun recovered at the scene belonged to Mr. Caraway, including Officer Weddle's identification of Mr. Caraway; and (3) testimony that the gun and ammunition were manufactured outside of Tennessee. The evidence presented by the prosecutor was sufficient to establish the elements of the offense such that a rational trier of fact could convict Mr Caraway.

Mr. Caraway contends that Officer Weddle's identification of him was insufficient to support the possession element of the crime. He urges the court to abandon as "illogical" our well-settled position that "attacks on witness credibility are simply challenges to the *quality* of the government's evidence and not to the sufficiency of the evidence." *United States v. Farley*, 2 F.3d 645, 652 (6th Cir. 1993) (emphasis in original). Mr. Caraway argues that a court should not blindly adhere to the conclusion of guilt by a jury where the conviction hinges almost solely on the testimony of a seriously impeached witness. However, as the Supreme Court has stated, "[t]he Anglo-Saxon tradition of criminal justice, embodied in the United States Constitution and in federal statutes, makes jurors the judges of the credibility of testimony offered by witnesses. It is for them, generally, and not for appellate courts, to say that a particular witness spoke the truth or fabricated a cock-and-bull story." *United States v. Bailey*, 444 U.S. 394, 414-15 (1980). Officer Weddle identified Mr. Caraway in court and was cross-examined by defense counsel regarding any infirmities in his testimony. That the jury determined Officer Weddle spoke the truth is sufficient to establish that Mr. Caraway possessed the firearm.

It is true that courts need not blindly accept implausible stories swallowed by jurors. As the Second Circuit stated in *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992), "[w]here testimony is patently incredible or defies physical realities, it may be rejected by the court, despite the jury's evaluation." But in this case the inability of Officer Weddle to identify Mr. Caraway at the state court proceeding did not make his identification of Mr. Caraway at the federal trial patently incredible, and his later identification was certainly not beyond the realm of physical possibility. Thus this case does not represent that extraordinarily rare occasion where a court might properly override the jury's determination of a witness's credibility.

Even if Officer Weddle were deemed to have been unable to identify Mr. Caraway in court, a jury could easily conclude that Mr. Caraway possessed the gun that evening. There was sufficient evidence beyond Officer Weddle's identification to allow the jury to infer that Mr. Caraway possessed the firearm. Officer Weddle observed an individual point a gun at him, then turn, flee over a fence and hide under an SUV. Officer Holguin and Lt. Porter testified that the individual that was found under the SUV was Mr. Caraway. Thus, the jury could infer in the absence of the identification that Mr. Caraway possessed the gun from the testimony presented.

### III.

The district court did not abuse its discretion by allowing the prosecution to introduce the jacket and shirt into evidence to rebut the impression that Mr. Caraway was not wearing those items when he was arrested. The decision of the trial court to admit evidence on rebuttal is reviewed for abuse of discretion. *United States v. Chance*, 306 F.3d 356, 385 (6th Cir. 2002); *United States v. Tejada*, 956 F.2d 1256, 1266 (2d Cir. 1992). Generally, a district court must exercise reasonable control over the mode and order of presenting evidence with the goal that the presentation be effective for ascertaining the truth. FED. R. EVID. 611(a). Evidence introduced on rebuttal serves to "rebut new evidence or new theories proffered in the defendant's case-in-chief," and is not limited by the fact that the plaintiff could have introduced the proffered evidence in his case-in-chief. *Benedict v. United States*, 822 F.2d 1426, 1428 (6th Cir.1987); *see also Tejada*, 956 F.2d at 1266-67.

The district court has broad discretion to determine the scope of rebuttal in admitting evidence, and in this case it was clearly within the district court's discretion to admit the evidence in question. *Id.* When Mr. Caraway raised the inference of misidentification through the testimony of the property clerk who described the items Mr. Caraway was wearing when he was booked, the government was entitled to introduce the jacket and shirt to rebut that inference. The Government did not have to negate the testimony of the property clerk in its case-in-chief and the district court did not abuse its discretion by allowing the jacket and shirt into evidence to question the defense's theory of misidentification.

### IV.

While we affirm Mr. Caraway's conviction, at oral argument the Government conceded that under Sixth Circuit precedent the case must be remanded for resentencing. *See United States v. Booker*, 125 S.Ct. 738 (2005); *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005). Therefore, based on the foregoing, we AFFIRM Mr. Caraway's conviction, but VACATE his sentence and REMAND the case to the district court for resentencing.