**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0396n.06

Nos. 10-4311/10-4312

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| GIR BAHADUR THAPA; BABITA KHULAL THAPA, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE UNITED STATES |
| ERIC H. HOLDER, JR., Attorney General, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| Respondent. | ) | |
| | ) | |

**FILED**

**Apr 12, 2012**

LEONARD GREEN, Clerk

BEFORE: GIBBONS and SUTTON, Circuit Judges; DUGGAN, District Judge.[*]

PER CURIAM. Gir Bahadur Thapa and Babita Khulal Thapa, husband and wife, petition for review of the denial by the Board of Immigration Appeals ("BIA") of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). For the reasons that follow, we deny the petition for review.

The petitioners are natives and citizens of Nepal, both of whom entered the United States on visitor visas and subsequently obtained student visas. They met in the United States, married in 2003, and filed separate asylum applications thereafter. Mrs. Thapa claimed that she feared persecution because of her conversion to Christianity, which resulted in her being harassed and

_____

[*]The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

beaten by Maoists and socially ostracized by her family. Mr. Thapa's application focused on his fear of persecution by Maoists, who allegedly destroyed the school where he worked.

An immigration judge ("IJ") found that both asylum applications were time-barred, Mrs. Thapa's because it was not filed within a reasonable amount of time after she lost her lawful non-immigrant status, and Mr. Thapa's because it was not filed within a reasonable amount of time after his discovery of an alleged changed circumstance, i.e., the fire at the school where he taught in Nepal. Alternatively, the IJ concluded that the Thapas were not credible, and that, even if they were credible, they had failed to establish a well-founded fear of persecution should they return to Nepal. Accordingly, the IJ found the Thapas ineligible for asylum, denied their petitions for withholding of removal and relief under the CAT, and ordered their removal. The BIA affirmed in separate orders, concluding that the IJ did not clearly err in finding that the petitioners were not credible and that neither petitioner, regardless of credibility, had established eligibility for asylum, withholding of removal, or relief under the CAT.

When the BIA issues its own decision rather than summarily affirming the decision of the IJ, we review the BIA's decision as the final agency determination. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). To the extent that the BIA adopts the IJ's reasoning, however, we also review the IJ's decision. *Id.* We review questions of law de novo, while factual determinations, including credibility determinations, are reviewed under a substantial evidence standard. *Ceraj v. Mukasey*, 511 F.3d 583, 588, 591 (6th Cir. 2007). Under this standard, factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To be eligible for asylum, an applicant must establish that he qualifies as a "refugee," either because he has suffered past persecution or because he has a well-founded fear of future persecution. *Ndrecaj v. Mukasey*, 522 F.3d 667, 674 (6th Cir. 2008). The persecution must be on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Although an applicant who establishes past persecution is presumed to have a well-founded fear of future persecution, the government may rebut this presumption by demonstrating by a preponderance of the evidence that conditions have changed in the applicant's country so fundamentally as to negate a well-founded fear of persecution. *Rreshpja v. Gonzales*, 420 F.3d 551, 554-55 (6th Cir. 2005).

The petitioners first challenge the IJ's determination that their asylum applications were untimely. But because the BIA did not address the timeliness determination and upheld the denial of asylum on other grounds that are supported by the record, we decline to address that issue here. *See Sow v. Holder*, 444 F. App'x 871, 872 (6th Cir. 2011).

The BIA concluded that, even accepting the petitioners' testimony as true, they did not establish a well-founded fear of future persecution. As noted by the BIA, the mistreatment described by Mr. Thapa, which consisted of harassment and unfulfilled threats by Maoist visitors to his school, did not rise to the level of past persecution. *See Almuhtaseb v. Gonzales*, 453 F.3d 743, 750 (6th Cir. 2006) ("[P]ersecution consists of 'more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty.'" (quoting *Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir. 1998))).

Moreover, there is substantial evidence to support the BIA's conclusion that any presumption of a well-founded fear of persecution was rebutted by evidence of changed country conditions in

Nepal. The IJ properly considered the 2007 country reports for Nepal, which stated that the country was generally religiously tolerant and that, although conversion and proselytizing remain illegal, there were no arrests for religious conversion or proselytizing that year. The report further noted that converts generally were not afraid to publicly admit their affiliations. Additionally, an interim government was established in 2006 that ended the decade-long Maoist insurgency, and the report does not indicate that the continued Maoist human rights abuses were widespread or directed at Christians or westernized educators. In light of this evidence, the record does not compel a conclusion that the petitioners established a well-founded fear of future persecution. Further, the petitioners' failure to establish eligibility for asylum necessarily precludes them from meeting the higher standards required for withholding of removal or relief under the CAT. *See Liti v. Gonzales*, 411 F.3d 631, 640-41 (6th Cir. 2005).

The petitioners also argue that the IJ violated their right to due process by subjecting them to intimidating and improper questions. Viewing the record as a whole, however, we conclude that the petitioners were allowed to fully and fairly present their case and that there is insufficient evidence of a due process violation. *See Pepaj v. Mukasey*, 307 F. App'x 891, 897-98 (6th Cir. 2009) ("Although the IJ's occasional sarcastic comments were unnecessary and inappropriate, a few such comments are not enough to show that an IJ was biased to the level of a due-process violation."); *Hassan v. Gonzales*, 403 F.3d 429, 437 (6th Cir. 2005) (concluding that brusque language was insufficient to show bias in favor of government).

For these reasons, we deny the petition for review.