NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0167n.06

No. 13-1321

FILED
Feb 28, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARVIN HUDGINS,

      Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

BEFORE:    BATCHELDER, Chief Judge; SILER and CLAY, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Marvin Hudgins appeals his conviction following a jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Defendant argues that the government presented insufficient evidence that he possessed the firearm; and that the procedure by which the jury announced its verdict was improper. For the reasons set forth below, we **AFFIRM** the conviction of Defendant as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

## BACKGROUND

A.    **Procedural History**

On October 10, 2012, Marvin Hudgins ("Defendant") was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Defendant was convicted following a two-day jury trial held on October 15 and 16, 2012. On March 12, 2013,

Defendant was sentenced to the mandatory minimum prison term of 180 months. A timely notice of appeal was filed on March 15, 2013.

## B. Factual Background

Defendant left a Detroit motorcycle club on May 1, 2012 in the car of James Gibson ("Gibson"), another club patron. Defendant was riding in Gibson's car because he was being given a ride home following some car trouble. As they left the club together, Gibson noticed that Defendant had a laptop with him, but did not see a gun.

Shortly after leaving the club, Detroit police officer William Zeolla ("Officer Zeolla") stopped Gibson's car because it had a cracked windshield. As Officer Zeolla approached the car, he noticed that Defendant was sitting in the front passenger seat and was extending his left arm and hand from the front passenger seat to the rear floorboard behind the driver's seat. Officer Zeolla told Defendant and Gibson to show their hands. Gibson put his hands on the steering wheel. But Defendant kept moving his left hand behind the driver's seat near the floor.

When Officer Zeolla got closer to the driver's side door, he saw a gun on the floor of the car, just behind the driver's seat. Officer Zeolla stated that Defendant still had his hand "down by the weapon" and "very close" to it. Officer Zeolla believed that Defendant was either trying to conceal the gun or trying to arm himself and yelled at Defendant—"two or three times"— to put his hands up. Officer Zeolla radioed for help and Officer Jason Neville arrived.

Officer Neville retrieved the gun—"fully visible from outside the car"—from the floor board directly behind the driver's seat. There were no fingerprints found on the gun and it was not tested for DNA. Gibson also testified that he did not own a gun.

## DISCUSSION

### *Standard of Review*

Typically, when the sufficiency of the evidence is challenged on appeal, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime. *United States v. Castano*, 543 F.3d 826, 837 (6th Cir. 2008) (quoting *United States v. Newsom*, 452 F.3d 593, 608 (6th Cir. 2006)). However, this standard only applies if a defendant has properly preserved the issue of the sufficiency of the evidence for appeal under Fed. R. Crim. P. 29. *United States v. Frazier*, 595 F.3d 304, 306 (6th Cir. 2010).

A Rule 29 motion is properly preserved for appeal when a defendant makes a "motion for acquittal at the end of the prosecution's case-in-chief and at the close of evidence. Failure to make the required motions constitutes a waiver of the objections to the sufficiency of the evidence." *United States v. Chance,* 306 F.3d 356, 368–69 (6th Cir. 2002). In this case, Defendant admits that there was no Rule 29 motion argued in district court. Because no Rule 29 motion was made or argued at the district court, this Court reviews Defendant's sufficiency of the evidence challenge under a "manifest miscarriage of justice" standard. *United States v. Carnes,* 309 F.3d 950, 956 (6th Cir. 2002). Under this standard, "we only reverse a conviction if the record is devoid of evidence pointing to guilt." *Id.*

## I.     Defendant's argument regarding manifest miscarriage of justice

After reviewing the record, we find that it was not devoid of evidence pointing to Defendant's guilt. In order to sustain a conviction under 18 U.S.C. § 922(g)(1), the government had to prove beyond a reasonable doubt that: (1) Defendant had a qualifying prior felony conviction; (2) Defendant knowingly "possessed" the firearm; and (3) the firearm traveled in interstate commerce. *See United States v. Caraway*, 411 F.3d 679, 682 (6th Cir. 2005); *United*

*States v. Schreane*, 331 F.3d 548, 560 (6th Cir. 2003). Defendant stipulated at trial, and concedes here, that he had a qualifying prior felony conviction and that the firearm he is accused of possessing traveled in interstate commerce. Consequently, the only contested issue is whether Defendant "possessed" the firearm.

Possession may be either actual or constructive. *United States v. Moreno*, 933 F.2d 362, 373 (6th Cir. 1991). "Actual possession exists when a tangible object is in the immediate possession or control of the party. Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Craven*, 478 F.2d 1329, 1333 (6th Cir. 1973).

Defendant contends that the record is devoid of evidence that he possessed the firearm and that his conviction was a manifest miscarriage of justice. However, the record does not support this contention. First, the gun was "very close" to Defendant's left hand, which was extended from the front right passenger seat all the way to the rear floor board behind the driver's seat. Second, Defendant kept his hand by the gun despite Officer Zeolla's repeated commands to show his hands. Third, Officer Zeolla testified that, based on his experience, he believed Defendant was either hiding the gun or arming himself with it. Fourth, the gun was in James Gibson's car—but Gibson testified that he does not own guns and had never seen the gun before. Also, Gibson testified that he was the only person with access to his car and there was no gun in the car until he gave Defendant a ride. In addition, the jury had the benefit of the in-car police video, which recorded Officer Zeolla's approach and repeated commands to Defendant— including Officer Zeolla's emphatic language when he saw a gun.

Defendant makes several arguments against the evidence pointing to his knowing possession if the gun: (1) he argues that he's a big guy in a small car and had to stretch his arms out; (2) he was moving his hands on the floor next to the gun since he was putting his laptop on the back seat; and (3) he didn't obey police commands to show his hands because he didn't hear them. These attempts by Defendant to explain away the government's evidence demonstrate that the record was not devoid of incriminating evidence and his conviction did not constitute a manifest miscarriage of justice.

## II.     Jury Verdict Procedure

After closing arguments, the district court instructed the jury that "[i]n order to return a verdict in this case it is necessary that 12 out of 12 jurors agree. In other words, your verdict must be unanimous." Later that day, the jury sent a note saying they had reached a verdict, which the foreperson confirmed when they were brought back into court. Defendant argues that because of a mistake made by the clerk in reading the verdict, it is "unclear" whether all jurors agreed to the guilty verdict when they were polled.

After the jury was brought into the courtroom to announce its verdict, the following occurred:

> THE COURT CLERK: United States of America versus Marvin Hudgins. We, the jury, after due deliberation, unanimously find as follows. Count One, felon in possession of a firearm, the jury finds not guilty. Or, I'm sorry. The jury finds guilty. Foreperson. Date, October 16th, 2012.
>
> THE COURT: Is that the verdict of this jury? THE JURY: Yes, it is.
>
> THE COURT: Does anybody want the jury polled?
>
> MR. VILLARUEL: The defense would like the jury polled, your Honor.
>
> THE COURT: Okay. Juror number one, is that your verdict? JUROR: Guilty.

5

THE COURT: Jury number two, is that your verdict? JUROR: Yes.

THE COURT CLERK: Juror number three? JUROR: Yes.

THE COURT CLERK: Juror number four? JUROR: Yes.

THE COURT CLERK: Juror number five? JUROR: Yes.

THE COURT CLERK: Juror number six? JUROR: Yes.

THE COURT CLERK: Juror number seven? JUROR: Yes.

THE COURT CLERK: Juror number eight? JUROR: Yes.

THE COURT CLERK: Juror number nine? JUROR: Yes.

THE COURT CLERK: Juror number ten? JUROR: Yes.

THE COURT CLERK: Juror number eleven? JUROR: Yes.

THE COURT CLERK: Juror number twelve? JUROR: Yes.

THE COURT: Ladies and gentlemen, thank you for your attention to this matter.

This jury is discharged . . ."

After the polling was complete, Defendant made no objections. When the district court asked "is there anything further either counsel wishes to place on the record," Defendant said no. Only on appeal does Defendant claim that the jury's guilty verdict was ambiguous or not unanimous.

Defendant claims that the court clerk's announcement of the erroneous "not guilty" verdict made it "unclear" whether jurors 2–12 actually agreed to the "guilty" verdict stated by juror 1 when they were polled or the "not guilty" verdict initially stated by the court clerk. Defendant argues that the district court did little to clarify the matter by simply asking the jurors, "Is that the verdict of this jury[.]" However, the record does not support Defendant's argument.

This Court reviews for plain error when there is a challenge on appeal to the validity of a jury verdict, when a jury is polled and the defendant does not object to the result of the polling. *United States v. August*, 984 F.2d 705, 711 (6th Cir. 1992), citing *United States v. Love*, 597 F.2d

81, 84 (6th Cir. 1979). Plain error occurs when there is an "(1) error (2) that was obvious or clear; (3) that affected Defendant's substantial rights; and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (internal quotation marks and citations omitted).

To establish plain error, Defendant must first show there was an error. *United States v. Marcus*, 560 U.S. 258, 262–63 (2010). "The 'plain error' doctrine is to be used sparingly, only in exceptional circumstances and solely to avoid a miscarriage of justice." *United States v. Carney*, 387 F.3d 436, 453 (6th Cir. 2004) (internal quotation marks and citations omitted). A slip of the tongue by the court clerk is not plain error. The verdict was clear enough to Defendant in the courtroom that when the verdict was actually read and the jury polled, he made no objections and did not ask for further clarification. In addition, no one else in the courtroom found the clerk's announcement confusing: not the government, the foreperson, or the district judge, who asked the foreperson if that was his verdict.

Furthermore, the court clerk did not announce an "either or" verdict. He instantly corrected his reading of the statement that "the jury finds not guilty" by apologizing for his misreading by stating "I'm sorry," and by reading in the verdict: "The jury finds guilty." Any ambiguity about the verdict was clarified by the jury poll, which began with juror number one, who responded to the district court's inquiry by stating, "guilty." Every single juror after that agreed that "guilty" was his or her verdict. Because Defendant has not identified any error, he is not entitled to a new trial.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the conviction of Defendant as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).