NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0257n.06

Case No. 23-3516

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | ) | **FILED** |
| UNITED STATES OF AMERICA, | ) | Jun 11, 2024 |
| Plaintiff-Appellee, | ) | KELLY L. STEPHENS, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DARNELL DELANEY, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: MOORE, COLE, and MATHIS, Circuit Judges.

**MATHIS, Circuit Judge.** A jury convicted Darnell Delaney of being a felon in possession of a firearm. Delaney appeals his conviction, arguing that the evidence was insufficient for a reasonable jury to conclude that he possessed a firearm. We affirm.

## I.

In the early hours of August 2, 2021, police officers in Elyria, Ohio, were searching for Prentiss Thomas, the suspect in a recently reported assault case. The assault victim told the police that Thomas was wearing a black shirt and tan shorts, so the officers looked for someone matching that description. While driving down Howe Street in search of Thomas, Officer Joseph Figula saw a man wearing khaki shorts and a dark shirt walking in his direction. Thinking the man could be Thomas, Officer Figula drove towards the man and requested that the man stop. The man was not Thomas; he was Darnell Delaney.

Officer Figula testified at trial that Delaney responded to his request to stop by walking away quicker than he had before. However, Delaney walked directly toward another officer, Sergeant Benjamin Harris. By then Officer Figula was following Delaney on foot. Sandwiched between two officers, Delaney ran into a nearby driveway. Both officers testified that they then observed Delaney reach into his left jacket pocket and pull out a handgun. Sgt. Harris immediately responded by drawing his own gun and firing three or four shots at Delaney. Two shots hit Delaney and he fell to the ground. Officer Figula called for backup. Other officers arrived and provided Delaney with medical care. Officer Figula testified that after searching the area, he found a Tanfoglio handgun nearby, stating that it was the same gun he saw Delaney pull out of his jacket. The gun was on the ground somewhere between 10 and 27 feet away from where Delaney fell, with a chambered round and the hammer cocked.

The government charged Delaney with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Delaney waived his right to counsel and represented himself pro se at trial. He twice moved for a judgment of acquittal, but the district court denied both motions. *See* Fed. R. Crim. P. 29**.** The jury found Delaney guilty. Delaney timely appealed, arguing only that the government lacked sufficient evidence that he possessed a firearm.

## II.

We review a district court's denial of a motion for judgment of acquittal based on insufficient evidence de novo. *See United States v. Shanklin*, 924 F.3d 905, 917 (6th Cir. 2019). In assessing the sufficiency of the evidence, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Musacchio v. United States*, 577 U.S. 237, 243

(2016) (emphasis and quotation omitted). We draw all inferences in the government's favor and do not "weigh the evidence, consider the credibility of witnesses, or substitute [our] judgment for that of the jury." *United States v. Ferguson*, 23 F.3d 135, 140 (6th Cir. 1994). Thus, Delaney "bears a very heavy burden to show that the government's evidence was insufficient." *United States v. Tragas*, 727 F.3d 610, 617 (6th Cir. 2013) (internal quotation marks omitted).

**III.**

To obtain a felon-in-possession conviction, the government must prove beyond a reasonable doubt that: (1) the defendant had a prior felony conviction, (2) the defendant knew that he had a prior felony conviction, (3) the defendant thereafter knowingly possessed the firearm specified in the indictment, and (4) the firearm had traveled through interstate commerce. *United States v. Ward*, 957 F.3d 691, 696 (6th Cir. 2020) (citing *Rehaif v. United States*, 588 U.S. 225, 237 (2019)). Delaney challenges only the third element—whether the government produced sufficient evidence that he possessed the Tanfoglio handgun. "A jury may convict a defendant for a § 922(g)(1) violation based on either actual or constructive possession of a firearm." *United States v. Raymore*, 965 F.3d 475, 483 (6th Cir. 2020) (internal quotation marks omitted).

The government presented sufficient evidence that Delaney possessed a firearm. The jury heard testimony from not one, but two police officers that claim Delaney pulled a handgun on them. Their testimony was corroborated by the fact that officers found the Tanfoglio gun a short distance from where Delaney fell after he was shot. Although the officers did not recover the gun from Delaney's person, the jury could have inferred that the gun Delaney pointed at the officers was the same one the officers recovered. Thus, a rational jury could find from this evidence that Delaney possessed the Tanfoglio handgun. *See Shanklin*, 924 F.3d at 917.

Delaney essentially attacks the officers' credibility. He argues that because the incident occurred in the middle of the night and the area was poorly lit, the officers could not have seen him holding a gun. *Cf. United States v. Caraway*, 411 F.3d 679, 682 (6th Cir. 2005) ("It is true that courts need not blindly accept implausible stories swallowed by jurors."). But we cannot "reweigh the evidence or . . . reevaluate the credibility of witnesses." *United States v. Eaton*, 784 F.3d 298, 305 (6th Cir. 2015). The jury was entitled to believe this testimony, especially after the recovery of the Tanfoglio handgun at the scene corroborated it. *See id.*

## IV.

For the foregoing reasons, we **AFFIRM** the district court's judgment.